Dear Mayor Goldsby:
You requested an Attorney General's opinion regarding the expenditure of town funds at town parks. You indicated that there are two parks in the town that are used for organized sports, picnics, and general recreation. Both parks were built using a combination of federal, state and local funds. As a general rule, the town spends about the same amount of money each year at the two parks, mainly for repairs and maintenance of equipment and grounds. You advised that several years ago, a local non-profit organization approached the Town Council and offered to conduct fundraisers to provide $25,000.00 for playground equipment for one park, with the town providing a $25,000.00 match. The Town Council voted to amend the budget to provide the $25,000.00 in matching funds. The park is free and open to all citizens, and is located in a predominately white area of town. No group or organization has offered to conduct fundraisers at the other park, located in a predominately minority area of town. A council member is questioning whether the town can legally provide $25,000.00 for equipment at one park without providing the same amount at the other park. You question whether it is legal to spend town funds on equipment at one park without providing the same funding at another park.
Our office has observed that the authority to adopt and amend the budget is vested exclusively with the Mayor and Board of Aldermen (i.e. Council). Attorney General Opinion Nos. 93-666, 97-430, 98-245 and 02-450. Additionally, in Attorney General Opinion No. 01-87, which involved a question regarding a Councilman's request that the Town of Amite match his donated salary funds and put those matching funds toward the purchase of property for a park, we stated "it is our opinion that the Council, in its discretion and in accordance with the proper exercise of its legal authority, can elect to appropriate, if it so desires, any available funds for the purchase of property for the park." The budgeting and allocation of funds is solely within the discretion of the Council. However, the Council's discretion is limited by, and all allocations must be made in accordance with, the Louisiana Constitution of 1974. Specifically, in this instance, Article I, Sections 1, 3 and 12, which provide as follows:
 Section 1. All government, of right, originates with the people, is founded on their will alone, and is instituted to protect the rights of the individual and for the good of the whole. Its only legitimate ends are to secure justice for all, preserve peace, protect the rights, and promote the happiness and general welfare of the people. The rights enumerated in this Article are inalienable by the state and shall be preserved inviolate by the state.
 Section 3. No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
 Section 12. In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical condition.
Therefore, it is the opinion of this office that the Council had the authority to amend the budget. As long as there was no discriminatory motive, and the allocation was made in accordance with the Louisiana Constitution of 1974, the Council can, in accordance with the proper exercise of its legal authority, allocate $25,000.00 in matching funds for the park without providing the same funding to all parks.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: KENNETH L. ROCHE, III Assistant Attorney General